## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALVIN B. TRUESDALE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 03-1332 (GK)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In a previous Order, the Court granted summary judgment in favor of Defendant on Plaintiff's challenges to the disposition of his FOIA requests by the Bureau of Alcohol, Tobacco and Firearms ("ATF") and the Executive Office for United States Attorneys ("EOUSA"), and the disposition of document referrals by the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), and ATF.[1]  The remaining FOIA claim involves Plaintiff's 1996 request to the FBI.  Defendant has moved for summary judgment and Plaintiff has filed a cross-motion for summary judgment or partial summary judgment.

---

[1] On June 8, 2004, the Court dismissed all the named Defendants except the United States Department of Justice ("DOJ").

**Background**

On August 15, 1996, pursuant to the FOIA, Plaintiff sent a letter to the FBI

requesting

> All files concerning my case or cases, including any and all records pertaining to the
> requestor, kept, stored, or filed in any of the agency's record-keeping systems, whether
> they be manually filed, electronically-filed, or computerized retrieval systems.  Records
> sought include, but are not limited to, all Confidential Informant(s) Statements made
> during debriefing sessions with government and local agents, FBI investigative reports,
> Property Sheets, Lab Reports, Files Documents, Agents (sic) Notes, Dossier, Tapes and
> other recordings, Transcripts, Reports Statements, Notes Memos and any other
> Informative Materials or Data that may be [available] including all Investigative Records
> compiled for Law Enforcement Purposes not exempt as per Amendments in force at the
> time; relative to State and Federal investigations that led to the Federal Case # Misc
> 2450-P and Federal Indictment # 3:92CR34-1-P, Letters written and received with the
> requestor as the subject, All correspondence from all law enforcement agencies is
> incorporated by reference.

Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Counter Motion
for Summary Judgment or Partial Summary Judgment ("Pl.'s Resp."), Exhibit ("Ex.") 1.

On October 30, 1996, the FBI's Charlotte Field Office ("CFO") advised Plaintiff that it had

located records responsive to his request in main file 245-CE-61794, and that the CFO had

concluded that the records were exempt from disclosure under the FOIA. Defendant's Motion for

Further Enlargement of Time to Complete Record and Briefing on Summary Judgment ("Deft.'s

Extension Mot."), Second Declaration of David M. Hardy ("Hardy Second Decl."), ¶ 6 & Ex. B.

Plaintiff appealed this decision to the Office of Information and Privacy ("OIP") at DOJ.  *Id.*, Ex.

C.

In its disposition of Plaintiff's appeal, OIP advised Plaintiff that the FBI would make a

supplemental release of documents, but that OIP otherwise upheld the FBI's decision on his

FOIA request.  *Id.*, Ex. D.   As a result of OIP's decision, the CFO released to plaintiff 41 pages

of public source materials and a witness statement.  Hardy Second Decl., ¶ 9. The CFO withheld

certain information from these records pursuant to FOIA Exemption 7(C).  *Id.*

In addition to this direct request to the FBI, the EOUSA referred 434 pages of materials

responsive to Plaintiff's FOIA request to that office to the FBI on May 24, 2002.  Deft.'s Part.

Mot., Declaration of David M. Hardy ("Hardy Decl."), Ex. B.   After processing the request, the

FBI released to Plaintiff  2 pages in full, 25 pages  in part, and withheld  63 pages in full.  *Id.*, Ex.

C.   The FBI withheld certain records pursuant to FOIA Exemptions 2, 7 (C), (D), and (F).  *Id.*

The agency determined that 337 pages of the materials were duplicates.  *Id.*, Ex. F.  Plaintiff

appealed the FBI's decision on September 4, 2002 to the OIP.  *Id.*, Ex. D. The FBI's action was

affirmed by OIP on May 20, 2003.  *Id.*, Ex. F.[2]

The CFO forwarded main file 245F-CE-61794 to FBI Headquarters ("FBIHQ") for a

determination of whether the file contained responsive documents in addition to those referred to

the  FBI by the EOUSA.  Defendant's Reply in Support of Motion for Partial Summary Judgment

("Deft.'s Reply"), Declaration of Nancy L. Steward ("Steward Decl."), ¶ 4. The file is the result

of an investigation involving a number of individuals and contains approximately 5300 pages of

documents.  *Id.*  The FBIHQ conducted a search on March 31, 2005,  and determined that 511

pages of the materials specifically pertained to Plaintiff.  *Id.*, ¶ 8.  The FBIHQ concluded that 351

pages with redactions  were releasable to Plaintiff, 11 pages were to be withheld in full, and 149

pages were duplicative to records previously released to Plaintiff.  *Id.*

---

[2] In its earlier Order, the Court granted summary judgment to defendant on the disposition
of the records referred by the EOUSA to the FBI.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c).   Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material*

4

fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13  (D.D.C. 1980).  In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ."  *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents."  *Id.* (internal citation and quotation omitted).   An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements."  *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

**Discussion**

*Adequacy of the Search*

To obtain summary judgment on the issue of the adequacy of the search for records under

FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that

. . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'"

*Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg*

*v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the

agency may submit affidavits or declarations that explain in reasonable detail and in a non-

conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121,

126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are

sufficient to demonstrate an agency's compliance with FOIA.  *Id*. at 127.  The agency must show

that it made a "good faith effort to conduct a search for the requested records, using methods

which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the*

*Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d

20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by

principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not

its results.  *Weisberg*, 745 F.2d at 1485.  An agency's failure to find a particular document does

not undermine the determination that the search was adequate.  *Wilber v. CIA*, 355 F.3d 675, 678

(D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C.

Cir. 1987).

The FBI searched for records responsive to Plaintiff's FOIA request through the use of

the Central Records System ("CRS").  Steward Decl., ¶ 7.  The records maintained in CRS

consist of administrative, applicant, criminal, personnel, and other files compiled for law

enforcement purposes.  *Id.* & n. 2.  The system is a numerical sequence of files broken down

according to subject matter, which includes an individual's name.  *Id.*  Certain records in this

system are maintained at FBIHQ, and records pertinent to specific field offices are maintained at

those sites.  *Id.*  In this case, the FBI searched the CRS indices and located one main file

regarding plaintiff.  *Id.*

It is apparent from the two declarations submitted by the FBI that it has made a "good

faith effort to conduct a search for the requested records, using methods which reasonably can be

expected to produce the information requested."  *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C.

1996)(citing *Oglesby*, 920 F.2d at 68).  As such, the searches for Plaintiff's requested records

were adequate to fulfill Defendant's obligations under the FOIA.  The Court will now consider

whether Defendant properly withheld records under the FOIA's exemptions.

*Exemption 2*

Exemption 2 protects materials that are "related solely to the internal personnel rules and

practices of an agency."  5 U.S.C. § 552(b)(2).  It applies to two categories of material: (1)

internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and

significant public interest;" and (2) internal agency matters of some public interest "where

disclosure may risk circumvention" of statutes or agency regulations.  *Dep't of the Air Force v.

Rose*, 425 U.S. 352, 369-70 (1976); *see Crooker v. Bureau of Alcohol, Tobacco and Firearms*,

670 F.2d. 1051, 1073-74 (D.C. Cir. 1981).  Generally, courts limit Exemption 2 protection to

"trivial administrative matters of no genuine public interest" ("low 2" exempt information), and

to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990).

Under this exemption, the FBI withheld the temporary source symbol numbers of confidential informants who provide information to the FBI on a regular basis under an implied promise of confidentiality. *See* Stewart Decl., ¶ 16. Release of these numbers would enable an individual to know the scope and location of FBI informant coverage within a specific geographical area. *Id.*, ¶ 17. In addition, the FBI asserts, disclosure of this information would have a chilling effect on other informants. *Id.*, ¶ 18. The Court agrees that this information is legitimately withheld under Exemption 2. *See Piper v. U.S. Dep't of Justice*, 374 F.Supp. 2d 73, 80-81 (D.D.C. 2005); *Brunetti v. FBI*, 357 F.Supp. 2d 97, 105 (D.D.C. 2004).

Defendant has also invoked Exemption 2 to withhold telephone and facsimile numbers of FBI offices and special agents. *See* Steward Decl., ¶ 19. All of this information is related to the internal practices of the FBI, disclosure of which would disrupt official business and could subject the FBI's employees to harassing telephone calls. *Id.* Moreover, disclosure of this information would serve no public benefit. *Id.* For these reasons, the FBI properly withheld these records.

*Exemption 3*

Under this exemption, the FBI withheld the names and identifying information of individuals that were subpoenaed to appear before a federal grand jury. *See* Steward Decl., ¶ 21. FOIA Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no

discretion on the issue," or "(B) establishes particular criteria for withholding or refers to

particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *see also Senate of the*

*Commonwealth of  Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

Rule 6(e) qualifies as a statute under this exemption because it was affirmatively enacted by

Congress. *Fund for Constitutional Gov't v. National Archives and Records Serv.*, 656 F.2d 856,

867-68 (D.C. Cir. 1981); *Maydak v. Dep't of Justice*, 254 F.Supp.2d 23, 42 (D.D.C. 2003).

Federal Rule of Criminal Procedure 6(e)(2) prohibits disclosure of matters occurring

before a grand jury. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 498-501 (D.C. Cir. 1998).

FOIA Exemption 3 permits the withholding of materials that, if disclosed, would "tend to reveal

some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or

jurors, the substance of testimony, the strategy or directions of the investigation, the deliberations

or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico*, 823 F.2d at

582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir.)(*en banc*), *cert. denied*,

449 U.S. 993 (1980)).   For this reason, grand jury subpoenas are also exempt from disclosure.

*See Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C. Cir. 2005); *Dipietro v. Executive Office*

*for U.S. Attorneys*, 357 F.Supp. 2d 177, 183 (D.D.C. 2004).  The FBI properly withheld these

records.

*Exemption 7(C)*

Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for

law enforcement purposes to the extent that disclosure "could reasonably be expected to

constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C).  In

determining whether this exemption applies to particular material, the Court must balance the

interest in privacy of the individual mentioned in the record against the public's interest in

disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737

F.2d 84, 91 (D.C. Cir. 1984). It is the "interest of the general public, and not that of the private

litigant" that the court considers in this analysis. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981)

(citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975)). "[T]he only public interest

relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed

about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282

(D.C.Cir.1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S.

749, 773 (1989)).

Once a privacy interest is identified under Exemption 7(C), the FOIA records requestor

must establish that (1) the public interest is a significant one; and (2) the information is likely

to advance that interest. *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 172

(2004). The requestor must provide evidence that would warrant a belief by a reasonable

person that the alleged government impropriety might have occurred. *Id.* at 174. The privacy

interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public

interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial."

*SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

The FBI withheld the following information under this exemption: (1) names and

identifying information of FBI Special Agents and support personnel; (2) names and identifying

information of third parties who were interviewed during the investigation of Plaintiff's case; (3)

names and identifying information of state and local law enforcement personnel; (4) names and

identifying information of third parties mentioned in FBI records, but who were not of

investigative interest; (5) third parties mentioned in the records who were of investigatory

interest; and (6) names and identifying information of non-FBI federal government agents and

employees.  *See* Steward Decl., ¶¶ 41-51.  The FBI asserts that release of this information would

subject the named individuals to hostility, harassment, and intimidation.  *Id.*, ¶¶ 42-43, 45, 50.

The agency further asserts that the privacy interests of these individuals is especially compelling

because  Plaintiff's criminal activities involved drug trafficking and the use of violence.  *Id.*, ¶¶

44, 47.

      The deletion of the names and identifying information of federal, state and local law

enforcement personnel has been routinely upheld.  *See Lesar*, 636 F.2d at 487 (finding legitimate

interest in preserving identities of government officials where disclosure could subject them to

annoyance or harassment in either their official or private lives); *Pray v. Dep't of Justice*, 902

F.Supp. 1, 3 (D.D.C. 1995)(possibility of animosity toward  FBI agents outweighed any possible

benefit of disclosure), *aff'd in relevant part,* 1996 WL 734142 (D.C. Cir. Nov. 20, 1996).   In

addition, the names and identities of individuals of investigatory interest to law enforcement

agencies and those merely mentioned in law enforcement files have been consistently protected

from disclosure for the reasons Defendant asserts here.  *See Perrone v. FBI*, 908 F.Supp. 24, 26

(D.D.C. 1995) (citing *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489

U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658

F.Supp. 204, 209 (D.D.C. 1987). With respect to a cooperating witness, our court of appeals has

stated: "'[e]xemption 7(C) takes particular note of the strong interest of individuals, whether they

be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged

criminal activity." *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger*

*v. Dep't of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation

marks omitted); *see also Computer Professionals for Social Responsibility v. United States*

*Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants,

witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall

within the scope of Exemption 7(C)").

Defendant has proffered a legitimate individual privacy interest in non-disclosure.

Conversely, Plaintiff has not identified a public benefit to disclosure.  The Court concludes that

the FBI properly invoked Exemption 7(C) to protect the identities of these categories of

individuals.[3]

*Exemption 7(D)*

Exemption 7(D) of the FOIA protects from disclosure those records or information

compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential
> source, including a State, local, or foreign agency or authority or any
> private institution which furnished information on a confidential basis,
> and, in the case of a record or information compiled by a criminal law
> enforcement authority in the course of a criminal investigation . . .
> information furnished by a confidential source.

5 U.S.C. § 552 (b)7(D).  To invoke Exemption 7(D), an agency must show either that a source

provided the information to the agency under express assurances of confidentiality or that the

circumstances support an inference of confidentiality.  *See U. S. Dep't of Justice v. Landano*, 508

U.S. 165, 179-81 (1993). When determining the latter, the proper inquiry is "whether the

---

[3] Defendant has also asserted Exemption 6 as a basis for withholding this information.
*See* Steward Decl., ¶¶ 22-33.  Since the records were properly withheld under Exemption 7(C) ,
the Court will not address the applicability of this exemption.

particular source spoke with an understanding that the communication would remain confidential." *Id*. at 172.  The government is not entitled to a presumption that all sources supplying information in the course of a criminal investigation are confidential sources. *Id.* at 175.  An implied grant of confidentiality may be inferred, however, from the circumstances surrounding the imparting of the information, including the nature of the criminal investigation and the informant's relationship to the target.  *Id.*  at 181; *Computer Professionals for Social Responsibility*, 72 F.3d at  905-06.

Under this exemption, the FBI withheld identifying information about or provided by confidential sources.  *See* Stewart Decl., ¶¶ 59-60. The confidential sources had first-hand knowledge of Plaintiff's drug trafficking operation.  *Id.*, ¶ 60.  The FBI contends that these sources are entitled to an implied grant of confidentiality.  *Id.*

Plaintiff was convicted of engaging in a continuing criminal enterprise, a conspiracy to distribute cocaine, and firearms offenses.  *See United States v. McManus*, 23 F.3d 878, 880 (4th Cir. 1994).  Plaintiff's criminal conduct included drug-related murders and attempted murders. *Id.* at 881; Steward Decl., ¶ 60.  A conspiracy to distribute cocaine is "typically a violent enterprise, in which a reputation for retaliating against informants is a valuable asset ..." *Mays v. DEA*, 234 F.3d 1324, 1331 (D.C. Cir. 2000).  In such cases, there is an inference of implied confidentiality for those who provide information about the conspiracy.  *Id.*   Given the nature of the criminal actions in this case and that fact that the informants were witnesses to Plaintiff's drug trafficking, the documents were properly withheld by the FBI under 7(D) based on an

implied grant of confidentiality.[4]

*Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology  v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed the FBI's declaration, the Court concludes that the agency has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released. *See* Steward Decl., ¶64. With respect to these records, the agency declarations and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

——————

**Conclusion**

The Court finds that Defendant's search for responsive records was adequate and that Defendant properly withheld certain records from disclosure to Plaintiff. Therefore, the Court will grant Defendant summary judgment on Plaintiff's 1996 FOIA request to the FBI. Plaintiff's

————————————————

[4] The FBI also asserts Exemption 7(F) as a basis for withholding the documents involving the informants. *See* Steward Decl., ¶¶ 62-63. Since the records were properly withheld under 7(D), the Court will not address the applicability of this exemption.

counter motion for summary judgment or partial summary judgment will be denied.  An

appropriate order accompanies this Memorandum Opinion.


                                        /s/_____
                                        Gladys Kessler
                                        United States District Judge


December 5, 2005